IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| STATE OF GEORGIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 117-141 |
| | ) | |
| T. ANTHONY HESED-EL and | ) | |
| T HESED EL,[1] | ) | |
| | ) | |
| Defendant. | ) | |

_____

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

_____

On October 24, 2017, the State of Georgia charged Defendant with misdemeanor offenses of (1) criminal trespass, in violation of O.C.G.A. § 16-7-21, and (2) obstruction of a law enforcement officer, in violation of O.C.G.A. § 16-10-24.  (Doc. no. 1, Ex. B.)  The State Court of Richmond County noticed Defendant to appear for his arraignment on these two charges on October 30, 2017.  (Id., Ex. C.)  On October 27, 2017,  Defendant, who is proceeding *pro se*, then filed the instant "Notice of Removal," in which he purports to remove his criminal case to federal court pursuant various provisions of the United States Code "such as U.S. Code §§ 1331, 1332, 1441, 1446 and 1455," as well as "28 U.S.C. §§ 1441, 1443, 1446, and 1455."  (Doc. no. 1, p.  1.)  Defendant also filed a motion to proceed *in forma pauperis* and an Emergency Motion to Dismiss.  (Doc. nos. 2, 4.)  For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the pending motions be **DENIED** as **MOOT**, and the case be

_____

[1] The Court **DIRECTS** the **CLERK** to update the docket to reflect there is only one named Defendant.  The two names listed are for the same person.  (See doc. no. 1, pp. 10, 13.)

**DISMISSED** and **CLOSED** in this Court.  Although "removal" was never accomplished in a procedurally proper manner, in an abundance of caution, the Court also **REPORTS** and **RECOMMENDS** the case be **REMANDED** to the State Court of Richmond County.

The threshold issue raised by Defendant's notice as it relates to his misdemeanor charges for criminal trespass and obstruction of a law enforcement officer is whether the Court has jurisdiction to hear his claims.[2]  "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."  Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985) (*per curiam*) (citations omitted).  The Eleventh Circuit has described the extent of the Court's obligation to consider the limits of its jurisdiction *sua sponte*:

> A court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking* . . . .  The party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction does exist . . . but, since the courts of the United States are courts of limited jurisdiction, there is a presumption against its existence . . . .  Thus, the party invoking the federal court's jurisdiction bears the burden of proof. . . .
>
> If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte* . . . .  Therefore, lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation. . . .

---

[2]Although Defendant also claims to remove a civil action styled "Branden Glover v. T. Hesed-El, Case no. 25975, in the Civil Court," (doc. no. 1, p. 1), the attached Exhibit C confirms all of the matters at issue relate to the two pending misdemeanor charges.  The Warrant Application Notice of Hearing #25975 was Mr. Glover's sworn statement in Civil Court requesting the issuance of an arrest warrant against Defendant for the offense of criminal trespass.  (Doc. no. 1, Ex. C.)  That hearing was scheduled for September 22, 2017, and apparently culminated in the two pending misdemeanor charges for which Defendant was supposed to be arraigned on October 30, 2017.  (Id.)

Id. (citations omitted).  Contrary to Defendant's assertions regarding this Court's authority to hear his claims, the Court finds Defendant has not alleged any legitimate basis for the exercise of federal jurisdiction.  (See doc. no. 1.)

Defendant's action is based on alleged violations of the Official Code of Georgia §§ 16-7-21, 16-10-24.  (Doc. no. 1, Ex. B.)  In his motion to dismiss, Defendant asks the Court to dismiss the charges and quash the arrest warrant.  (Doc. no. 4, p. 1.)  However, it is long-settled federal courts have no jurisdiction over criminal matters, except for what is provided by statute.  See United States v. Hudson, 11 U.S. 32, 33-34 (1812) (noting "jurisdiction of crimes against the state is not among [the] powers" implied to federal courts).  Here, Defendant has failed to point to any valid authority demonstrating this Court has subject-matter jurisdiction over his claims, which concern criminal matters firmly within the purview of the State of Georgia.

To the extent that Defendant intends to challenge the validity of any sentence that may be imposed, the Court notes that any such action is premature.  First, it does not appear Defendant has been convicted or sentenced.[3]  Notably, even if Defendant had already been sentenced, a petitioner may not bring a federal habeas petition before first exhausting his state remedies.  Under the Anti-Terrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214, and in accordance with the traditional exhaustion requirement, an application for a writ

---

[3]See Richmond County Clerk of Court Web Docket, available at https://cocaugustaga.gov/mainpage.aspx (follow "Criminal Search" hyperlink; then search for "Hesed-El, T Anthony," last visited Oct. 31, 2017); see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings).

3

of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. <u>See</u> 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." <u>Id.</u> § 2254(c) (emphasis added). Accordingly, even if Defendant's notice were to somehow be construed as a federal habeas petition, such petition is markedly premature and therefore subject to dismissal on that ground.

Finally, the Court reminds Defendant that because he is proceeding *pro se*, he must sign every document filed with the Court on his behalf. <u>See</u> Fed. R. Civ. P. 11(a). Under 28 U.S.C. § 1654, "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." "The existence of a power of attorney does not authorize a nonlawyer to undertake to conduct legal proceedings on behalf of a pro se litigant where the law otherwise requires that such proceedings be conducted by a licensed attorney." <u>Stewart v. Moses</u>, No. 7:14-CV-34 HL, 2014 WL 2986730, at *1 (M.D. Ga. July 2, 2014). As neither Taqi El Agabey Management or its Trust Document Carrier and/or Authorized Representative are authorized to practice law in this Court, they may not file or sign papers on Defendant's behalf in this Court.  (<u>See</u> doc. no. 1, pp. 6-7.)

For the reasons set forth above, the Court **REPORT** and **RECOMMENDS** the pending motions be **DENIED** as **MOOT**, (doc. nos. 2, 4), and the case be **DISMISSED** and **CLOSED** in this Court.  Although "removal" was never accomplished in a procedurally

proper manner, in an abundance of caution, the Court also **REPORTS** and **RECOMMENDS** the case be **REMANDED** to the State Court of Richmond County.

SO REPORTED and RECOMMENDED this 31st day of October, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

5